UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SALVADOR ALAMILLA,

                              Petitioner,

-against-

J.L. JAIMISON, WARDEN, FCI OTISVILLE,

                              Respondent.

23-CV-3016 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

     Petitioner, who is currently incarcerated at FCI Otisville in Orange County, New York, brings this *pro se* petition, styled as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Petitioner challenges his sentence imposed by the United States District Court for the Southern District of Texas in *United States v. Alamilla*, No. 2:17-CR-0270 (S.D. Tx. Nov. 9, 2017). For the reasons set forth below, the Court recharacterizes this application as a motion under 28 U.S.C. § 2255, and transfers it to the United States Court of Appeals for the Fifth Circuit as a successive Section 2255 motion.

## DISCUSSION

     A jury in the Southern District of Texas convicted Petitioner of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). *United States v. Alamilla*, No. 2:17-CR-0270 (S.D. Tx. Nov. 9, 2017). On November 9, 2017, Petitioner was sentenced to 144 months' imprisonment, five years of supervised release, and a $100 mandatory special assessment. The conviction was affirmed on appeal, *United States v. Alamilla*, 738 F. App'x 264, 265 (5th Cir. 2018), and the district court denied Petitioner's motion under 28 U.S.C. § 2255, *Alamilla v. United States*, No. 2:19-CV-0295 (S.D. Tx. Apr. 7, 2020).[1]

---

[1] Petitioner filed additional motions in the district court that were denied, including a

Petitioner is currently confined in Orange County, which is within this district. 28 U.S.C. § 112(b). Venue for a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is proper in the district of confinement. A Section 2241 petition can be brought to challenge the execution of a sentence. *See Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (Section 2241 is the vehicle for challenges to "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions").

Here, Petitioner is not challenging the computation of his sentence. Instead, he contends in the petition that he seeks "to correct [a] substantial sentencing error." (ECF 1 at 6.) In his memorandum of law, Petitioner argues that, at sentencing, the district court improperly used "level 38" as the starting point for calculating his sentence under the guidelines, instead of "level 34." (ECF 2 at 6.) He further argues that his trial attorney was ineffective in failing to object to this "during trial or sentencing." (*Id.*) Petitioner's arguments that the sentence imposed by the trial court was improper or should be modified, or that his attorney was ineffective in not objecting to the sentence imposed, challenge the imposition of his sentence by the trial court – not the execution of his sentence by the U.S. Bureau of Prisons. As such, this petition arises under Section 2255 rather than Section 2241. *See, e.g.*, *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (holding that a motion under Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence.").[2]

---

motion for early release and a motion to modify his sentence. (ECF 96, 99.) Petitioner's appeal from the denial of his motion to modify his sentence remains pending. *See United States v. Alamilla*, 23-40083 (5th Cir.).

[2] Although district courts generally provide notice to a petitioner before recharacterizing a petition, courts need not do so where the petitioner is already subject to the limitation on successive petitions. *Jiminian*, 245 F.3d 144 (2d Cir. 2001) (holding that concerns raised in *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998) did not apply where s prior Section 2255 motion attacking the

A Section 2255 motion must be brought in the district of conviction. *See Panico v. United States*, 412 F.2d 1151, 1155-56 (2d Cir. 1969) ("[O]ne of the purposes for which Congress passed Section 2255 was to make use of the personal observations of the trial judge."). Movant, however, has already challenged this conviction and sentence by bringing a Section 2255 motion, which the district court denied on the merits. *Alamilla v. United States*, No. 2:19-CV-0295 (S.D. Tx. Ar. 7, 2020).[3]

A Section 2255 motion is second or successive when a prior motion was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). Because Movant has already filed a Section 2255 motion that was decided on the merits, this application is a second or successive Section 2255 motion. Before a movant may file a second or successive Section 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Therefore, Movant must request permission from the United States Court of Appeals for the Fifth Circuit to pursue this motion.

Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (per curiam), in the interest of justice, the Court transfers this motion to the Court of Appeals for the Fifth Circuit.

## CONCLUSION

In the interest of justice, the Court transfers this second or successive Section 2255 motion, under 28 U.S.C. § 1631, to the United States Court of Appeals for the Fifth Circuit. *Accord Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (per curiam) (holding that

---

same conviction had already been dismissed on the merits).

[3] That motion was denied on the merits by the district court, which held, among other things, that "the Sentencing Guidelines Manual sets a base offense level of 38 for 9.2 kilograms of methamphetamine" and that the "PSR's calculation was correct." *Alamilla*, No. 17-CR-270 (S.D. Tx.) (ECF 85 at 7).

second or successive Section 2255 motions should be transferred to the appropriate court of appeals). This order closes the action in this district.

Because the motion at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated:   April 11, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge